**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kevin E. Thomas,            )<br>                             )<br>        Plaintiff,         )<br>                             )<br>vs.                          )<br>                             )<br>Guild Mortgage Company, a California)<br>corporation; AZ Mortgage Consultants, )<br>                             )<br>        Defendants.         )<br>                             ) | No. CV-09-0417-PHX-LOA<br><br>**ORDER** |

       This matter arises on the Court's review of the file. Plaintiff has failed to timely respond in writing to the Court's Order to Show Cause issued on March 30, 2009. (docket # 6)

       The Court issued its Order to Show Cause on March 30, 2009 as a result of Plaintiff's failure to comply with the March 6, 2009 Order that he (1) either voluntarily consent to magistrate-judge jurisdiction in writing or elect to proceed before a district judge by March 23, 2009 and (2) file an Amended Motion to Proceed In Forma Pauperis and Supporting Information which was fully completed or pay the filing fee of $350.00. (docket ##4, 5) To date, Plaintiff has not complied with either court orders.

       In the March 30, 2009 Order to Show Cause, Plaintiff was forewarned that pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate, dismissal of a case without

prejudice for failure to prosecute his case or failure to comply with court orders. "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, __ P.3d __, 2009 WL 303787, (Az.Ct.App. 2009) (collecting of federal and state cases of dismissals for failure to comply with court orders).

"It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure . . . to comply with its orders." *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (court may "fashion appropriate sanction for conduct" including "outright dismissal"). "While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations,[1] the power is one inherent in the courts 'in the interest of the orderly administration of justice.' It may be exercised *sua sponte* under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion." *Flaksa*, 389 F.2d at 887.

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)). Because a district court has the inherent power to control its docket, it may exercise that power by imposing sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Anheuser-Busch, Inc. v. Natural*

---

[1] Rule 41(b), Fed. R. Civ. P., permits a district court to *sua sponte* dismiss an action for failure to comply with its orders. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283-84 (9th Cir. 1970); *Gonzales v. UNUM Life Ins. Co. of America*, 2008 WL 2610552 (N.D.Cal. 2008).

1 *Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious
2 resolution of litigation," court's need to manage docket, risk of prejudice to party seeking
3 sanctions, public policy favoring disposition on the merits, availability of lesser sanctions,
4 bad faith of violating party, relationship between conduct and merits); *Poulis v. State Farm*
5 *Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice
6 to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of
7 claim or defense).

8   In determining whether to dismiss a case for failure to comply with a court
9 order, district courts weigh five factors: (1) the public interest; (2) the court's need to
10 manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
11 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
12 *Ferdik*, 963 F.2d at 1260-61. Additionally, Plaintiff's failure in this case to comply with court
13 orders is frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P., ("These
14 rules . . . shall be construed and administered to secure the just, *speedy*, and inexpensive
15 determination of every action.") (emphasis added), and by the Civil Justice Reform Act of
16 1990, 28 U.S.C. §471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is
17 scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28
18 U.S.C. §473(a)(2) (emphasis added). A *pro se* plaintiff's status does not discharge his
19 obligation to "abide by the rules of the court in which he litigates." *Carter v. Commissioner*
20 *of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

21   After considering and weighing all five *Ferdik* factors to determine if
22 dismissal is appropriate due to Plaintiff's failure to comply with the Court's orders, the Court
23 concludes that dismissal of Plaintiff's Complaint without prejudice is appropriate and just
24 under the circumstances of this case.
25 / / /
26 / / /
27 / / /
28

- 3 -

1  Accordingly,

2  **IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without
3  prejudice. The Clerk is directed to terminate this case.

6  DATED this 21st day of April, 2009.

_____
Susan R. Bolton
United States District Judge

- 4 -